J-A22012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JAMES JOHNSON | |
| Appellant | No. 2653 EDA 2016 |

Appeal from the Judgment of Sentence November 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004034-2013
CP-51-CR-0005333-2013

BEFORE:  BOWES, LAZARUS AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                **FILED OCTOBER 17, 2017**

James Johnson appeals from the aggregate judgment of sentence of thirty-six to seventy-two years incarceration imposed after he was found to be in violation of two probationary sentences.  We affirm.

Appellant was charged with a litany of crimes for two separate robberies.  The first occurred on November 13, 2012, when Appellant, along with another individual, ordered food for delivery from a local restaurant.  When the driver arrived, Appellant's conspirator pointed a gun at the driver while Appellant demanded money and the victim's cell phone.  Two days later, the two men lured an individual to a home by posing as a woman

_____

* Retired Senior Judge specially assigned to the Superior Court.

online. When the victim arrived, Appellant's conspirator again pointed a firearm at the victim while Appellant took items from his person.

On October 17, 2013, Appellant entered an open guilty plea at the above-captioned dockets. At 2013-4034, he pled guilty to robbery – threatening another with serious bodily injury, 18 Pa.C.S. § 3701(a)(1)(ii), conspiracy to do same, and possession of an instrument of crime. At 2013-5333, Appellant pled guilty to the same three crimes; however, the robbery was charged under the inflicting serious bodily injury subsection, 18 Pa.C.S. § 3701(a)(1)(i). Sentencing was deferred.

On March 14, 2014, Appellant received four identical sentences of eleven and one-half to twenty-three months of incarceration, followed by a ten year period of probation, at the counts of robbery and conspiracy. No further penalty was imposed at the remaining two charges. All four sentences were imposed concurrently to each other, and Appellant was immediately paroled.

On March 27, 2015, Appellant was arrested and subsequently convicted of, *inter alia*, robbery. The Commonwealth initiated violation proceedings, and, following Appellant's conviction, the trial court (hereinafter "VOP court") revoked probation. The VOP court imposed four identical sentences of nine to eighteen years imprisonment at the two counts of robbery and two counts of conspiracy, imposed consecutively. Thus,

Appellant's aggregate sentence was thirty-six to seventy-two years incarceration. Appellant sought reconsideration, stating the following:

4. That the term of imprisonment imposed herein is excessive given the level of culpability of the defendant;

5. That it is respectfully urged that the sentence in this matter be reconsidered in order to allow the Defendant to be sentenced in accordance with the appropriate guideline recommendations.

Petition for Reconsideration, 11/20/15, at 1-2.

That request was denied. Appellant failed to timely appeal the VOP sentence, resulting in the quashal of his appeal on June 20, 2016. Appellant successfully petitioned for reinstatement of his appellate rights through a timely PCRA petition.

Appellant raises one question, which was preserved in his Pa.R.A.P. 1925(b) statement, for our review: "Did the Trial Court abuse its discretion when sentenc[ing] the Appellant to an aggregate sentence of 36 to 72 years following a violation of probation hearing?" Appellant's brief at 3. However, the argument portion of the brief raises two subsidiary claims: that the sentence imposed was excessive, *Id*. at 10, and that the VOP court failed to contemporaneously state its reasons for imposing the sentence, *Id*. at 13.[1]

---

[1] We find that these subsidiary questions are fairly suggested by the statement of questions and therefore do not find the claims waived. *See* Pa.R.A.P. 2116(a).

Appellant's claim pertains to the discretionary aspects of his sentence. There is no right to appeal for such questions. We determine whether Appellant has invoked this Court's jurisdiction by examining the following four criteria:

(1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief [complies with] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. McLaine**, 150 A.3d 70, 76 (Pa.Super. 2016) (citing **Commonwealth v. Samuel**, 102 A.3d 1001, 1006–07 (Pa.Super. 2014)). Herein, the first and third requirements are clearly met. The Commonwealth avers that Appellant has failed to preserve his arguments and failed to present a substantial question. We agree with respect to one of the subsidiary claims, but conclude that the other claim has been preserved.

First, we examine Appellant's assertion that the VOP court failed to place its reasons for imposing the sentence on the record in contravention of Pa.R.Crim.P. 708(D)(2), which states that "[t]he judge shall state on the record the reasons for the sentence imposed." However, Appellant failed to object at the time of sentencing or present that issue in his motion for reconsideration. As our Supreme Court explained in **Commonwealth v. Reaves**, 923 A.2d 1119 (Pa. 2007), the necessity of requiring an objection to a failure to comply with this requirement serves a purpose:

- 4 -

Requiring the VOP sentencing court to state the reasons for its sentence provides a procedural mechanism for the aggrieved party both to attempt to rebut the court's explanation and inclination before the sentencing proceeding ends, and to identify and frame substantive claims for post-sentence motions or appeal. The Rule creates a procedural right of immediate, contemporaneous complaint if no judicial explanation was forthcoming. In a preserved-issue, direct appeal context, if the aggrieved party contemporaneously objects to a failure to comply with the Rule, as it is supposed to, and the court responds by still refusing to state the reasons for the sentence in violation of the Rule, it is proper for the appellate court to remand for a new sentencing procedure, even in the absence of the aggrieved party identifying something substantively erroneous with the sentence.

*Id*. at 1129 (footnote omitted). Therefore, we agree with the Commonwealth that Appellant failed to preserve this claim.

We now examine Appellant's contention that the overall length of the sentence was manifestly excessive, as the court did not consider mitigating factors. This claim was properly preserved, as the motion for reconsideration stated that the original sentence "was excessive given the level of culpability of the defendant[.]" Petition for Reconsideration, 11/20/15, at 1. Additionally, a claim that the sentence is manifestly excessive, when paired with an allegation that the court failed to consider mitigating factors and rehabilitative needs, presents a substantial question. *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa.Super. 2015). Therefore, we address the merits.

When reviewing a sentence, we apply the following standard of review.

- 5 -

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014) (citing

*Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa.Super. 2007)).

Section 9771 of the Sentencing Code governs the trial court's ability to

impose total confinement following revocation of probation; the court may

do so only if it finds one of three conditions has been met:

(c) Limitation on sentence of total confinement.--The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c). Thus, the § 9771(c) factors, standing alone, govern

only a VOP court's ability to impose total confinement at all, as opposed to

dictating the length of confinement. *See* 204 Pa.Code 303.1(b) (sentencing

guidelines do not apply to revocation of probation sentences). However, we

held in *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en*

*banc*), that a VOP court must follow § 9721(b) in tandem with § 9771. Thus, this Court's scope of review in appeals from revocation sentences encompasses the discretionary aspects of the sentence. "Such issues should not escape review merely because a defendant's revocation sentence falls within the statutory limits." ***Id***. at 1038.

At this juncture, we note that our review of initial sentencing decisions is quite deferential, and, in the VOP context, it is arguably more so. In ***Commonwealth v. Pasture***, 107 A.3d 21 (Pa. 2014), our Supreme Court reversed a decision from this Court vacating a revocation sentence, holding that we gave "insufficient deference to the revocation court's imposition of the sentence following the revocation of [appellant]'s probation[.]" ***Id***. at 22. ***Pasture*** noted that a trial court's initial sentencing decision is afforded broad discretion, because the court "sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed." ***Id***. at 27 (citing ***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007)). ***Pasture*** went on to observe that this rationale applies with even more force in the revocation context:

> The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial

- 7 -

sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."

*Id*. at 27.

In **Commonwealth v. Derry**, 150 A.3d 987 (Pa.Super. 2016), we stated that the VOP court must consider § 9721(b) in fashioning a sentence.

In addition to issuing a sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant [,]" a VOP court must also consider, for example, whether the sentence imposed is "essential to vindicate the authority of the court[,]" and must give "due consideration ... to the time spent serving the order of probation." 42 Pa.C.S. § 9771(c). Both of these concerns are unique to VOP sentencing hearings and may, in the end, weigh heavily on a court's consideration of an appropriate VOP sentence. But such additional considerations do not, as a necessary consequence, render the Section 9721(b) factors inapplicable for purposes of VOP sentences.

*Id*. at 994.

Appellant's complaint is that the VOP court failed to consider his background and rehabilitative needs as mandated by § 9721(b). Appellant notes that, in addition to his own remarks, he presented the testimony of his

sister and father, who collectively spoke to his background and mitigating circumstances. Furthermore, Appellant does not dispute that a period of incarceration was justified to vindicate the court's authority, but asserts that "A lesser sentence would have clearly sufficed in this respect." Appellant's brief at 12.

We find no abuse of discretion. First, the VOP court's opinion states that the judge considered the evidence presented by Appellant and his witnesses, but notes that its original sentence was based "in part . . . on the same mitigating circumstances that [Appellant]'s family brought up at his Violation of Probation hearing." VOP Court Opinion, 11/30/16, at 5. Furthermore, the court expressed concern that Appellant, who was already serving a sentence for committing two gunpoint robberies, committed another robbery a little over a year "after being given such a generous second chance[.]" *Id*. Therefore, the court considered the § 9721(b) factors against the § 9771(c) factors and we have no license to reweigh that balancing. Our precedents recognize that "it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence." *Pasture*, *supra* at 27. Appellant's sentence is lengthy, but we cannot conclude that the VOP court abused its discretion in imposing it.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/17/2017